**CLD-018**                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3841
_____

IN RE: DANTE AMOR MORRIS,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the
Eastern District of Pennsylvania
(Related to D.C. Criminal Action No. 99-cr-00601)

_____

Submitted Under Rule 21, <u>Fed. R. App. P</u>
October 21, 2010

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 12, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Petitioner Dante Morris seeks a writ of mandamus directing the District Court to,

inter alia, grant his release from prison.  We will deny the petition.

In March 2004, Morris pled guilty to thirty-six counts of possessing and uttering

counterfeit checks, in violation of 18 U.S.C. § 513(a).  The District Court sentenced

Morris to eight months of imprisonment, a three year term of supervised release, a special

assessment of $3,600, and restitution in the amount of $29,135.17.  After his release from

prison, Morris failed to report to the U.S. Probation Office and, in August 2004, the District Court issued a warrant for his arrest. Morris remained a fugitive until he was arrested by the U.S. Marshals Service in January 2010. At a hearing that same month, the District Court revoked Morris' supervised release and imposed a sentence of twenty-four months of imprisonment. Morris subsequently filed a notice of appeal in this Court arguing, inter alia, that the District Court lacks jurisdiction over his case. See United States v. Dante Morris, C.A. No. 10-2507. While that appeal was pending, he filed the instant mandamus petition.

Morris' bases for relief are not entirely clear. However, he appears to seek a writ of mandamus directing the District Court to grant his immediate release from prison because it lacks jurisdiction over his case. Morris raised this exact argument on direct appeal. In the instant petition, Morris also appears to allege that the prosecutor involved in his case has engaged in misconduct and that he has been "tortured by several federal agencies and agents." He provides no basis for either claim.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S.Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus

cannot serve as a substitute for an appeal.  See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

Because Morris filed his mandamus petition while his direct appeal was still pending in this Court and mandamus is not a substitute for an appeal, we will deny the petition.[1]

_____

[1] To the extent Morris also alleges misconduct on the part of the prosecutor and torture by several federal agencies and agents, he has not set forth anything in support of these bald accusations, let alone demonstrated that mandamus relief is warranted.